UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY L. GRIER, | ) | CASE NO.  1:12-CV-02118 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") prepared by Magistrate Judge Kenneth S. McHargh, wherein he recommends that the decision of the Commissioner of Social Security (the "Commissioner") denying plaintiff Tracy Grier ("plaintiff") Supplemental Security Income ("SSI") Benefits be affirmed. (Doc. No. 14.) Plaintiff filed timely objections to the R & R (Doc. No. 15), and the Commissioner filed a response to the objections (Doc. No. 16).

A district court must conduct a de novo review of the parts of a Magistrate Judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). It need not, however, consider any part of the Magistrate Judge's disposition to which no proper objections have been lodged. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Overly general objections do not satisfy the objection requirement. *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008). Only "specific" objections are entitled to de novo review; vague and conclusory objections amount to a complete failure to object, as they are not sufficient to pinpoint those portions of the R & R that are legitimately in contention. *See Mira,* 806 F.2d at 637 ("the district court need not provide de novo review where the objections are frivolous, conclusive, or general") (internal quotation omitted). An objection is sufficiently specific when it "explains and cites specific portions of the [R & R] which counsel deems problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotation omitted).

Arguments copied verbatim from prior briefs and labeled "objections" are not proper objections necessitating de novo review. *Alston v. Voorhies*, No. 07CV2284, 2010 WL 3895069, at *10 (N.D. Ohio Sept. 30, 2010) (citing *Union Labor Life Ins. Co. v. Olsten Corp. Health & Welfare Benefit Plan*, 617 F. Supp. 2d 131, 134 (E.D.N.Y. 2008)). Similarly, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Alston*, 2010 WL 3895069, at *10 (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)).

Plaintiff's "objections" are not sufficiently specific to merit de novo review. In their entirety, they consist of one paragraph repeating the Magistrate Judge's findings, along with general, conclusory statements that the R & R "is inconsistent with the relevant facts and law"; followed by a verbatim reproduction of approximately two pages of plaintiff's brief on the merits; followed by a one paragraph conclusion consisting of more general, conclusory

statements. There are zero citations to or explanations of specific portions of the R & R. For these reasons, plaintiff's improper objections are overruled.

The Court has reviewed the R & R and adopts the same. In so doing, the Court concludes that the Commissioner's decision to deny plaintiff's claim for SSI Benefits is supported by substantial evidence and must be **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: July 30, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**